IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ANTHONY MICALETTI,

    Plaintiff,

v.

JENNIFER POPOVICH, *in her capacity as an Assistant District Attorney for Beaver County*; ROCCO S. DEMAILLO, *in his capacity as a Pennsylvania State Trooper*,

    Defendants.

13cv1552
**ELECTRONICALLY FILED**

## MEMORANDUM OPINION

This is a civil rights case. Presently before the Court are two Motions to Dismiss filed by each of the individual Defendants. Defendant Popovich filed her Motion and Brief in Support essentially claiming that the law does not permit either of Plaintiff's claims asserted against her to proceed against her. Doc. nos. 5-6, respectively. Defendant DeMaiolo[1] filed his Motion and Brief in Support claiming that the law does not permit either of Plaintiff's claims asserted against him to proceed. Doc. nos. 9-10, respectively.

Plaintiff timely filed a Response and a Brief in Opposition to Defendant Popovich's Motion to Dismiss (doc. nos. 8 and 11, respectively), and he also timely filed a Response and a Brief in Opposition to Defendant DeMaiolo's Motion to Dismiss (doc. nos. 12 and 16, respectively), thereby making these matters ripe for adjudication.

---

[1] Defendant DeMaiolo noted in his brief that his name was erroneously spelled in the Caption and throughout the Complaint. He notes that "DeMaiolo" is his correct name, and it will be used throughout this Memorandum Opinion and accompanying Order of Court.

**I. Standard of Review**

Both Defendants filed their respective Motions to Dismiss predicated upon Federal Rule of Civil Procedure 12(b)(6).

In considering a Rule 12(b)(6) motion, Federal Courts require notice pleading, as opposed to the heightened standard of fact pleading. Fed. R. Civ. P. 8(a)(2) requires only "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds on which it rests.'" *Bell Atlantic Corp. v. Twombly,* 550 U.S. 554, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

Building upon the landmark United States Supreme Court decisions in *Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the United States Court of Appeals for the Third Circuit explained that a District Court must undertake the following three steps to determine the sufficiency of a complaint:

> First, the court must take note of the elements a plaintiff must plead to state a claim. Second, the court should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Finally, where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.

*Connelly v. Steel Valley Sch. Dist.*, 706 F.3d 209, 212 (3d Cir. 2013) (citation omitted).

The third step of the sequential evaluation requires this Court to consider the specific nature of the claims presented and to determine whether the facts pled to substantiate the claims are sufficient to show a "plausible claim for relief." *Covington v. Int'l Ass'n of Approved Basketball Officials*, 710 F.3d 114, 118 (3d Cir. 2013). "While legal conclusions can provide the framework of a Complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 664.

This Court may not dismiss a Complaint merely because it appears unlikely or improbable that Plaintiff can prove the facts alleged or will ultimately prevail on the merits. *Twombly*, 550 U.S. at 563 n.8. Instead, this Court must ask whether the facts alleged raise a reasonable expectation that discovery will reveal evidence of the necessary elements. *Id.* at 556. Generally speaking, a Complaint that provides adequate facts to establish "how, when, and where" will survive a Motion to Dismiss. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 212 (3d Cir. 2009).

In short, a Motion to Dismiss should not be granted if a party alleges facts, which could, if established at trial, entitle him/her to relief. *Twombly*, 550 U.S. at 563 n.8.

**II. Factual Background**

As noted above, only Plaintiff's factual averments are to be taken as true solely for the purposes of deciding these two Motions to Dismiss. The relevant factual allegations are set forth herein and have been accepted as true by this Court for the purpose for the purpose of deciding the two Motions presently before the Court.

Plaintiff is a resident of the state of Arizona. Doc. no. 1, ¶ 4. Defendant Popovich was/is an Assistant District Attorney ("ADA") for Beaver County, Pennsylvania. Id., ¶ 5. Defendant DeMaiolo was/is a Pennsylvania State Trooper out of the Pennsylvania State Police Beaver Station. Id., ¶ 6.

In November of 2011, an individual named Krista Jo Mesko accused Plaintiff of committing the crimes of aggravated indecent assault, indecent assault, as well as other crimes against her. Id., ¶ 7. Defendant DeMaiolo filed the charges. Id., ¶ 8. On November 26, 2011, Defendant was arrested for these charges and incarcerated in the Beaver County Jail. Id., ¶ 9.

Defendant's preliminary hearing, scheduled for December 2, 2011, was continued to allow for the filing of the additional charge(s) to include kidnapping. Id., ¶ 10.

Plaintiff alleges that at the December 2, 2011 preliminary hearing, Ms. Mesko, the victim, told Defendants she falsified the accusations she had previously made against Plaintiff. Id., ¶ 11. Plaintiff also alleges that on December 12, 2011, another preliminary hearing was held, and at this hearing, the victim again told Defendants that she had falsified the accusations she had previously made against Plaintiff. Id., ¶ 12. Plaintiff further alleges that on December 13, 2011, the victim sent a letter to Defendants through their respective offices informing them that she falsified the accusations she had previously made against Plaintiff. Id., ¶ 13.

Plaintiff remained incarcerated in the Beaver County Jail until January 17, 2012. Id., ¶ 17. Plaintiff was incarcerated in the Beaver County Jail for over two months as a result of the charges filed against him (and maintained) by the Defendants "and was also incarcerated in the Mercer County Jail for a violation of probation he was . . . serving as a result of the charges filed." Id., ¶ 19. On January 25, 2012, the District Attorney's office filed a Petition for Nolle Prosequi with respect to the charges against Plaintiff, "after the alleged victim . . . testified under oath that she fabricated the allegations against the Plaintiff." Id., ¶ 25.

Defendant brought a claim for False Arrest and Detention (Count III), and a claim for Malicious Prosecution (Count IV) against Defendant Popovich. Id., ¶¶ 38-55. Defendant brought a claim for False Arrest and Detention (Count I), and a claim for Malicious Prosecution (Count II) against Defendant DeMaiolo. Id., ¶¶ 21- 37.

4

## III. Discussion

### A. Claims Against Defendant Popovich - Counts III and IV

In 2012, in *Rehber v. Paulk*, the United States Supreme Court held that certain functions qualify for absolute immunity. In this regard, the Court held in pertinent part, as follows:

> . . . [W]e have identified the following functions that are absolutely immune from liability for damages under § 1983: actions taken by legislators within the legitimate scope of legislative authority, see *Tenney*, supra; actions taken by judges within the legitimate scope of judicial authority, see *Pierson*, supra ; actions taken by prosecutors in their role as advocates, see *Imbler*, 424 U.S., at 430–431, 96 S.Ct. 984; and the giving of testimony by witnesses at trial, see *Briscoe*, supra. By contrast, the Court has found no absolute immunity for the acts of the chief executive officer of a State, the senior and subordinate officers of a State's National Guard, the president of a state university, see *Scheuer v. Rhodes*, 416 U.S. 232, 247–248 (1974); school board members, see *Wood v. Strickland*, 420 U.S. 308, 318 (1975); the superintendent of a state hospital, see O'Connor v. Donaldson, 422 U.S. 563, 577 (1975); police officers, see *Pierson*, supra, at 555; prison officials and officers, *Procunier*, supra, at 561; and private co-conspirators of a judge, see *Dennis v. Sparks*, 449 U.S. 24, 27 (1980).

*Rehberg*, 132 S.Ct. 1497, 1504 (2012).

Explaining this holding, the Supreme Court in *Rehberg* provided an explanation as to why prosecutors enjoy absolute immunity, noting that "decades after the adoption of the 1871 Civil Rights Act" the prosecutorial function was increasingly assumed by public officials and common-law courts, "unlike their private predecessors." *Id.* For this reason, the public prosecutors were "absolutely immune from the types of tort claims that an aggrieved or vengeful criminal defendant was most likely to assert, namely, claims for malicious prosecution or defamation." *Id.,* citations omitted.

The Supreme Court in *Rehberg* further explained as follows:

> This adaptation of prosecutorial immunity accommodated the special needs of public, as opposed to private, prosecutors. Because the daily function of a public prosecutor is to bring criminal charges, tort claims against public prosecutors "could be expected with some frequency, for a defendant often will transform his resentment at being prosecuted into the ascription of improper and

> malicious actions to the State's advocate." *Imbler*, 424 U.S., at 425, 96 S.Ct. 984. Such "harassment by unfounded litigation would cause a deflection of the prosecutor's energies from his public duties," and would result in a severe interference with the administration of an important public office. *Id.*, at 423, 96 S.Ct. 984. Constant vulnerability to vexatious litigation would give rise to the "possibility that [the prosecutor] would shade his decisions instead of exercising the independence of judgment required by his public trust." *Ibid*.

*Rehberg*, 132 S.Ct. at 1504.

Turing to the instant matter, Defendant Popovich, per Plaintiff's Complaint, was the public prosecutor in the underlying criminal matter that purportedly gives rise to his two claims against her. He has sued her for False Arrest and Detention (Count III), and for Malicious Prosecution (Count IV).

Defendant Popovich, in her Brief in Support of her Motion to Dismiss relies heavily upon the decision in *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976) which granted absolute immunity to prosecutors and whose holding the Supreme Court in *Rehberg* recently reiterated, as noted above.

Plaintiff relies on *Odd v. Malone*, 538 F.3d 202 (3d Cir. 2008), for the proposition that a court should begin with the "presumption that qualified, rather absolute, immunity is appropriate." Plaintiff claims his case is more factually akin to *Odd*, thereby stripping Defendant Popovich, who acted at all times in her capacity as an ADA, of absolute immunity. This Court does not agree that this instant case can be likened to *Odd*.

In *Odd*, material witnesses were detained – not the accused, like Plaintiff in the instant matter. The prosecutors in *Odd* failed to notify the relevant authorities that the underlying criminal actions in which the witnesses were detained were (in one case) continued for four months or (in another case) dismissed. The United States Court of Appeals for the Third Circuit held that if absolute immunity were to be granted to the prosecutors under the circumstances

6

presented in the *Odd* case, the Court of Appeals would be <u>extending</u> the privilege of absolute immunity. In this regard, the Court of Appeals held:

> To decide whether to extend absolute immunity under § 1983, the Supreme Court considers whether: (1) there is a common law tradition of according immunity in similar situations; (2) denying immunity would subject the prosecutor to the chilling influence of vexatious lawsuits; and (3) there exist adequate checks on prosecutorial abuse other than individual suits against the prosecutor. See *Imbler*, 424 U.S. at 421–29, 96 S.Ct. 984; *Burns*, 500 U.S. at 492–96, 111 S.Ct. 1934; *Kulwicki*, 969 F.2d at 1463.

*Odd,* 538 F.3d at 216. The Court of Appeals in *Odd* went on to note that its case differed, "significantly from most cases involving prosecutorial immunity. Here, unindicted third-party witnesses, not criminal defendants, are suing the ADAs." *Id.* The Court added, "[a]lthough one can imagine the flood of litigation that would ensue if every defendant who thought he had been wronged by a prosecutor could sue, a similar result is not likely to follow from permitting detained witnesses to sue prosecutors." *Id.*

Thus, given the facts of the case presently before this Court, the Court finds that *Odd* is not similar in its facts and, therefore, absolute immunity would apply here as to Defendant Popovich. The Court finds that the claims brought by Plaintiff in this case against Defendant Popovich (the underlying prosecutor) are claims where: (1) there is a common law tradition of according absolute immunity to the prosecutor; (2) denying immunity would subject the prosecutor to the "chilling influence of vexatious lawsuits;" and (3) there exist adequate checks on potential prosecutor abuse separate and apart from individual lawsuits.

The Court further concurs with Defendant Popovich that allowing plaintiff to amend would be futile[2] given that the prosecutor will be entitled to absolute immunity, regardless of

---

[2] Given the state of the law on this matter, any amendment would be futile and thus, Defendant Popovich's Motion to Dismiss will be granted with prejudice. See, *In re Burlington Coat Factory Sec. Litig.,* 114 F.3d 1410, 1434 (3d Cir.1997) (" . . . a district court may exercise its discretion and deny leave to amend on the basis of . . . futility.").

7

what is pled by Defendant. Accordingly, Counts III and IV of the Complaint will be dismissed, as will Defendant Popovich.

## B. Claims Against Defendant DeMaiolo - Counts I and II

As noted above, the Supreme Court in *Rehberg* held that police officers do not enjoy absolute immunity. That said, Plaintiff still must establish, (at this juncture, through facts pled in his Complaint) that a *prima facie* case exists against Defendant DeMaiolo – the arresting police officer. – in order for his claims to survive Defendant DeMaiolo's Motion to Dismiss.

Defendant has asserted essentially three causes of action against Defendant DeMaiolo in two separate counts – false arrest, false imprisonment (*i.e.,* "false detention" as styled by Plaintiff), and malicious prosecution. The first two claims (false arrest and false imprisonment) are set forth in Count I, and malicious prosecution is set forth in Count II.

In *Mills v. City of Harrisburg*, the Court of Appeals for the Third Circuit held that a plaintiff's § 1983 claims for false arrest, false imprisonment[3] and malicious prosecution[4] cannot survive where the plaintiff's arrest is supported by probable cause. *Mills,* 250 Fed. Appx. 770, 774 (3d Cir. 2009), citing *Renk v. City of Pittsburgh*, 537 Pa. 68, 641 A.2d 289, 293 (1994) (recognizing that an arrest based on probable cause cannot be the basis of a claim for false

---

[3] To establish false imprisonment/false arrest under Pennsylvania law, a plaintiff must show that: (1) he had been detained; and (2) the detention was unlawful. *Gwynn v. City of Philadelphia,* 719 F.3d 295, 304, n.4 (3d Cir. 2013); citing *Renk v. City of Pittsburgh*, 537 Pa. 68, 641 A.2d 289, 293 (1994). As stated by the Pennsylvania Supreme Court in *Renk*, "[a]n arrest based upon probable cause would be justified, regardless of whether the individual arrested was guilty or not. . . . Probable cause exists when "the facts and circumstances which are within the knowledge of the police officer at the time of the arrest, and of which he has reasonably trustworthy information, are sufficient to warrant a man of reasonable caution in the belief that the suspect has committed or is committing a crime." 641 A.2d at 293 (citations omitted).

[4] To prove malicious prosecution under § 1983 and Pennsylvania law, a plaintiff must show that: (1) defendants initiated a criminal proceeding; (2) the criminal proceeding ended in plaintiff's favor; (3) the proceeding was initiated without probable cause; (4) defendants acted maliciously or for a purpose other than bringing plaintiff to justice; and (5) plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding. *Kossler v. Crisanti,* 564 F.3d 181,186 (3d Cir. 2009).

arrest/imprisonment); and *Lippay v. Christos*, 996 F.2d 1490, 1502 (3d Cir.1993) (noting that elements of malicious prosecution under Pennsylvania law require a plaintiff to show that legal proceedings were instituted without probable cause).

Defendant DeMaiolo points out that nowhere in Plaintiff's Complaint does he assert that Defendant DeMaiolo lacked probable cause at the time he arrested Plaintiff. The Court concurs with this analysis of the Complaint, and further notes that Plaintiff's Complaint alleges that "in November of 2011, Plaintiff was accused of committing the crimes" against the victim, Krista Jo Mesko and Defendant DeMaiolo filed the charges. Doc. no. 1, ¶¶ 7-8. Then, "[o]n . . . November 26, 2011, Defendant was arrested" and "incarcerated in the Beaver County Jail." Id., ¶ 9. Later, "[o]n . . . December 2, 2011 . . . the alleged victim . . . told Defendants she falsified the accusations against the Plaintiff." Id., ¶ 11.

Accepting these factual allegations as true, it is clear to this Court that based on the facts as pled by Plaintiff, Defendant DeMaiolo had probable cause to arrest and incarcerate Plaintiff on November 26, 2011. Thus, Plaintiff's is unable to meet the requirements to establish a *prima facie* case for any of the torts asserted against Defendant DeMaiolo. Accordingly, Counts I and II against Defendant DeMaiolo will be dismissed, as will Defendant DeMaiolo with prejudice as any attempt to amend the Complaint would be futile.[5]

---

[5] See, *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir.1997) (" . . . a district court may exercise its discretion and deny leave to amend on the basis of . . . futility."). Plaintiff's Complaint fails to allege any facts that would tend to support a claim that Defendant DeMaiolo lacked probable cause to arrest and incarcerate Plaintiff in November of 2011 and no modification of the facts could alter the basic finding of probable cause. Moreover, although the facts pled by Plaintiff concerning the alleged recantation by the victim starting as early as December 2, 2011, does not alter the fact that Defendant DeMaiolo had probable cause to arrest and incarcerate Plaintiff in November. Finally, the Court notes that a victim's recantation of her testimony against Plaintiff in December of 2011, <u>after</u> he was arrested and incarcerated, does not give rise to any of the torts asserted against Defendant DeMaiolo because Defendant DeMaiolo had probable cause to arrest and incarcerate Plaintiff in November of 2011.

**IV. Conclusion**

All claims asserted by Plaintiff against Defendant Popvich will be dismissed with prejudice given that she has absolute immunity from the claims asserted against her in Counts III and IV. All claims asserted by Plaintiff against Defendant DeMaiolo will be dismissed given that Plaintiff failed to establish a *prima facie* claim for any of the torts alleged in the Complaint at Counts I and II. Accordingly, Defendants' respective Motions to Dismiss will be granted and this case will be dismissed. An appropriate Order shall follow.

s/Arthur J. Schwab  
Arthur J. Schwab  
United States District Judge

cc:     All Registered ECF Counsel and Parties